Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
Dylan T.F. Ross
State Bar No. 24104435
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Fort Worth, TX  76102
Telephone: 817-877-8855
Facsimile:  817-877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com
dross@forsheyprostok.com

PROPOSED ATTORNEYS FOR THE
DEBTORS AND DEBTORS-IN-POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| CHOICE CLINICAL LABS, L.L.C., | ) | Case No. 20-42307-elm11 |
| | ) | |
| GREENLEAVES DIAGNOSTIC LABORATORIES LLC, | ) ) | Case No. 20-42308-elm11 (Motion for Joint Administration Pending) |
| | ) | |
| Debtors. | ) | **Emergency Hearing Requested** |

**DEBTORS' MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS AUTHORIZING THE USE OF CASH
COLLATERAL AND GRANTING ADEQUATE PROTECTION**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COME NOW Choice Clinical Labs, L.L.C. ("Choice") and Greenleaves Diagnostic Laboratories LLC ("Greenleaves, and together with Choice, the "Debtors"), as debtors-in-possession, and pursuant to Bankruptcy Rule 4001(b), file this *Motion for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Adequate Protection* (the "Motion").  In support of the Motion, the Debtors respectfully state as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This case and all related matters have been referred to this Court pursuant to 28 U.S.C. § 157. This Motion constitutes a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (D), (M) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND**

2. On July 10, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under subchapter V of Chapter 11 of the Bankruptcy Code.

3. The Debtors continue to operate and to manage their businesses pursuant to section 1184 of the Bankruptcy Code. The Debtors have not been removed as "debtors-in-possession" pursuant to section 1185 of the Bankruptcy Code. Behrooz Vida is the duly appointed Subchapter V Trustee in these cases. No official committee of unsecured creditors has been appointed in either of these bankruptcy cases.

4. Concurrently herewith, the Debtors are filing a Motion for Joint Administration of their cases.

**ABOUT THE COMPANY**

5. The Debtors operate four medical testing laboratories in the largest metropolitan areas of Texas: near Dallas (Farmers Branch) and Austin (Round Rock), and in San Antonio and Houston. The Debtors currently employ approximately 55 individuals, including phlebotomists, medical technologists, sales agents and various administrative and support staff members. The Debtors are participants in the Medicare national health insurance program. The Debtors' laboratories collect medical samples and perform diagnostic testing and analysis on behalf of nursing homes and assisted living facilities. The Debtors also design, develop, and validate novel diagnostic assays, which can be tailor-made for specific diagnostic purposes. Among other functions, the Debtors laboratories are heavily involved in COVID-19 testing,

making the Debtors' business integral to the battle to control the pandemic in Texas.

6. Greenleaves was formed in late 2019 for the purpose of acquiring the Choice business. At the time, the Choice labs serviced only a handful of nursing homes, and was at risk of losing its remaining clients due to continuing and insurmountable liquidity problems. In an effort to keep the business afloat, Choice's former management had entered into several unfavorable vendor agreements and several high-interest rate Merchant Cash Advance Agreements. Still, Choice was unable to pay operating expenses as they became due, and continued to lose employees and clients.

7. In November 2019, Greenleaves acquired a majority membership interest in Choice to try to salvage the flailing business. Upon taking control over the business, Greenleaves' equity holders contributed capital to the struggling business to permit it to pay employees' back wages and to continue to pay payroll and other operating expenses on an ongoing basis. Since the acquisition, the Debtors have built their client base from 9 nursing home and assisted living facilities to 57 facilities, though they have not yet reached a breakeven point. The Debtors have also tried to work out settlement agreements to resolve old Choice debt and burdensome vendor agreements. However, the new owners became aware of several Choice obligations and judgments that had not been previously known or disclosed, which placed additional burdens on the Debtors' ability to cash-flow. Moreover, the COVID-19 crisis initially hampered the Debtors' plans to expand their client base, in that nursing home and assisted living facilities became virtually inaccessible to the Debtors for the purpose of business development.

8. In these bankruptcy cases, the Debtors intend to propose a Plan of Reorganization to resolve old Choice debt while growing their business so that they may emerge from bankruptcy with the ability to meet future ongoing obligations. The Debtors have in place an experienced sales team which is currently developing several new prospective client

relationships. Further, the Debtors are working on technology solutions for many prospective nursing homes to meet their specific needs. The Debtors additionally utilize a skilled billing team to properly handle billing and an experienced management team to oversee operations. Through a Plan of Reorganization that resolves old debt, the Debtors believe that they will be well-positioned to continue to grow their business post-bankruptcy and to become vital partners with community nursing home and assisted living facilities both during this pandemic and thereafter.

## POTENTIAL CASH COLLATERAL INTERESTS

9. The Debtors do not have any traditional bank debt. Further, the Debtors do not believe that there existed any perfected security interest in any of the Debtors' cash or deposit accounts as of the Petition Date. First, the Debtors' operating account is maintained by Greenleaves, which does not have any known secured debt. In any event, a substantial portion of the funds in the Greenleaves account on the Petition Date consisted of funds contributed by Greenleaves' equity holders specifically to cover current payroll expenses. Arguably, those funds are earmarked for a specific expense and do not constitute estate property. Second, the Debtors do not believe that any creditor holds control over any of the Debtors' cash or deposit accounts sufficient to create a perfected security interest in those assets. See Tex. Bus. & Com. § 9.312(b)(1) (2017) ("[A] security interest in a deposit account may be perfected only by control under Section 9.314."); and Tex. Bus. & Com. § 9.104(a) (2017) ("A secured party has control of a deposit account if: (1) the secured party is the bank with which the deposit account is maintained; (2) the debtor, secured party, and bank have agreed in an authenticated record that the bank will comply with instructions originated by the secured party directing disposition of the funds in the deposit account without further consent by the debtor; or (3) the secured party becomes the bank's customer with respect to the deposit account."). None of the enumerated methods for obtaining control over a deposit account have been met in these cases.

Consequently, there are no known interests in cash collateral existing as of the Petition Date.

10. Nevertheless, several creditors have filed UCC-1s asserting interests in accounts receivable and proceeds thereof, which may result in future cash collateral upon collection of receivables existing as of the Petition Date (the "Cash Collateral").

11. The Debtors have identified the following UCC-1 filings with respect to Choice which may have cash collateral implications:

| Secured Party | Date Filed | Collateral |
| --- | --- | --- |
| Corporation Service Company, as representative | 9/8/2015 | Proceeds of future sales (Merchant Cash Advance Agreement) |
| Beckman Coulter, Inc. | 9/15/2016 | All furniture, fixtures, equipment, inventory, and accounts receivable, and proceeds |
| Grand Capital Funding | 11/9/2017 | All assets |
| C T Corporation Systems, as Representative | 5/31/2019 | All assets |
| Greenwich Capital Management, LP | 6/27/2019 | All assets |
| Acme Company | 8/21/2019 | All accounts and receivables, chattel paper, documents, equipment, general intangibles, instruments, inventory |
| CFG Merchant Solutions LLC | 9/9/2019 | Future receipts (Merchant Cash Advance Agreement) |
| C T Corporation System, as Representative | 9/17/2019 | All assets |
| Bracha Capital, LLC | 2/5/2020 | All accounts receivable, receipts, instruments, contract rights and other rights to receive payment, patents, chattel paper, license, leases and general intangibles |

12. All of the financing statements described above relate to transactions that predate Greenleaves' acquisition of Choice. As such, current management has limited information concerning these alleged security interests. Many are believed to be based on cash advance loans, including Merchant Cash Advance Agreements, which may be invalid or which have been previously resolved. Choice continues to transact business with Beckman Coulter, Inc., listed above, but has not reviewed the specific loan documents which purport to grant the indicated lien interests.

13. It would seem clear, however, that the maximum cash collateral interest held by any one or more of the above-listed creditors (the "<u>Listed Creditors</u>") will not exceed the Petition Date value of the Debtors' accounts receivable (the "<u>Prepetition Collateral</u>"). The Debtors anticipate that the balance of post-petition accounts receivable will stay materially constant or will increase on a month-to-month basis during these bankruptcy cases. As such, to the extent there exists any valid security interest in receivables on the Petition Date, which the Debtors do not concede, such creditors will be adequately protected by replacement liens in post-petition accounts receivable and proceeds thereof.

## **RELIEF REQUESTED**

14. Pursuant to this Motion and section 363(c) of the Bankruptcy Code, the Debtors seek interim and final orders authorizing the use of Cash Collateral in which one or more of the Listed Creditors may assert a security interest. The Debtors request authority to use Cash Collateral in accordance with the Budget attached hereto as **Exhibit A** (the "<u>Budget</u>") on an interim basis, and in accordance with subsequent budgets hereafter approved by the Court on a final basis.

15. In addition, under sections 361 and 363(e) of the Bankruptcy Code, the Debtors seek to grant adequate protection through the issuance of a replacement lien in favor of the Listed Creditors on postpetition accounts receivable and proceeds thereof (a) to the extent of

the value of each of their security interest in the Prepetition Collateral, and (b) in the same order of priority as presently existing in the Prepetition Collateral, for any diminution in value of their individual security interests in the Prepetition Collateral as of the Petition Date as a result of the use of Cash Collateral and the imposition of the automatic stay.

16. The relief requested herein is necessary to prevent immediate and irreparable harm to the Debtors' chapter 11 estate and should provide sufficient funds, along with capital contributions from members of Greenleaves on an as-needed basis, to permit the Company to continue to operate its business and to satisfy its payroll and other direct operating expenses. The Debtor requests approval for interim use of Cash Collateral through August 9, 2020 on an interim basis (the "Interim Order") and thereafter on a permanent basis (the "Final Order").

## BASIS FOR RELIEF

17. As explained above, the Debtor submits that no creditor holds a perfected lien in any of the Debtors' cash or deposit accounts. The Debtors anticipate that their receivables will retain their value during the bankruptcy case through continued operations. Thus, even if any of the Listed Creditors hold valid liens in the accounts receivables, the value of their security interest is adequately protected. Nevertheless, to the extent of any diminution in value of any such valid security interest occasioned by the use of Cash Collateral, the Debtors propose to grant the Listed Creditors replacement liens in post-petition accounts receivable and proceeds thereof in the same order of priority as presently existing in the Prepetition Collateral.

18. The Debtors assert that the interests of the Listed Creditors in the Prepetition Collateral are adequately protected. The Debtors' continued use of the Prepetition Collateral maximizes the position of all of the Debtors' creditors, including the Listed Creditors. In the course of operations, the Debtors will process inventory, provide services to customers, generate and collect new receivables, and use the proceeds of the same to acquire new inventory, perform new services and pay operating expenses. Such ongoing operations benefit

the Listed Creditors in that new accounts receivable will be created.

19. The Company has no material source of ongoing income other than from its operations, the collection of accounts receivable and through periodic voluntary capital contributions from equity holders. At the present time, an immediate and critical need exists for the Debtors to be permitted access to funds in order to continue the operation of their business, to pay employees, and to protect their ability to reorganize in accordance with chapter 11 of the Bankruptcy Code.

20. Pursuant to section 363(c)(2)(B) of the Bankruptcy Code, the Debtors request that the Court authorize and approve the Debtors' use of Cash Collateral for the payment of operating expenses in accordance with the Budget and with subsequently approved budgets. To remain in possession of their property, to continue their business activities, and to achieve a successful reorganization, the Debtors request use of Cash Collateral in the Debtors' ordinary business operations. The Debtors currently have no present alternative borrowing source from which the Debtors could secure additional funding to operate their business, although the Debtors expect to continue receiving capital contributions from equity members in the short term to cover expense shortfalls. The Debtors believe that payment of operating expenses is reasonable and that such payment is for necessary business expenses that must be paid in order to continue the Debtors' business operations.

21. In the event the Court does not authorize the Debtors' proposed use of Cash Collateral, the Debtors believe that the Debtors will be unable to maintain their current business operations and to confirm a plan of reorganization as contemplated by the Bankruptcy Code. Without the use of Cash Collateral, the Debtors will be seriously and irreparably harmed, resulting in significant losses to the Debtors' estates and their creditors.

22. In filing this Motion, the Debtors do not admit that any of the Listed Creditors holds valid, perfected, enforceable or unavoidable prepetition liens and security interest in and

to any of the Prepetition Collateral. The Debtors do not waive the right to contest the validity, perfection, enforceability or avoidability of the Listed Creditors' claims, liens and security interests in and to the Prepetition Collateral.

## APPLICABLE AUTHORITY

23. One of the Debtors' most pressing concerns is the need for immediate use of Cash Collateral pending a final hearing on this Motion. Rule 4001(b) and (c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provide that a final hearing on a motion to use cash collateral pursuant to section 363 of the Bankruptcy Code may not be commenced earlier than fifteen (15) days after the service of such motion. *See* Fed.R.Bankr.P. 4001(b) and (c); 11 U.S.C. 363. Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the restricted use of cash collateral to the extent necessary to avoid immediate and irreparable damage to the Debtors' estates. The Debtors require use of Cash Collateral to pay present operating expenses, including payroll, and to pay vendors to ensure a continued supply of materials essential to the Debtors' continued viability.

24. The Debtors request immediate authority to use the Cash Collateral to fund the Debtors' day-to-day operations. Absent such relief, the Debtors will not be able to continue to operate their business. In sum, failure to obtain authorization for the use of the Cash Collateral will be disastrous to the Debtors and their creditors. Entry of an order authorizing the use of Cash Collateral will minimize disruption to the Debtors' business and operations and permit the Debtors to meet payroll and other operating expenses. Absent use of the Cash Collateral, the Debtors' estates would not have sufficient funds to satisfy ongoing business obligations. Allowing use of Cash Collateral, therefore, is in the best interest of the Debtors' estates.

25. The use of Cash Collateral and the adequate protection proposed herein is fair and reasonable under the circumstances, reflects the Debtors' exercise of prudent business judgment, and is supported by reasonably equivalent value and fair consideration. Also, the

adequate protection proposed herein in the form of replacement liens, in addition to existing liens in the Prepetition Collateral, is sufficient to protect the interests of the Listed Creditors. As such, the Debtors should be afforded protection equivalent to those provided in section 364(e) of the Bankruptcy Code.

## LIMITED NOTICE

26. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the Northern District of Texas; (ii) each of the Listed Creditors at the addresses provided in their filed UCC-1 Financing Statements; (iii) the Subchapter V Trustee appointed herein; (iv) the holders of the twenty (20) largest unsecured claims against the Debtors; and (v) parties requesting notice; all as set forth below. The Debtors submit that no further notice need be provided.

## CONCLUSION

27. The relief requested herein should ensure that the Debtors' chapter 11 estates have sufficient resources to commence their chapter 11 cases and to provide a seamless transition to operating the Debtors' business as debtors-in-possession. The Debtors request that the Court grant the Motion.

WHEREFORE, the Debtors respectfully request that the Court (i) grant the Motion; (ii) enter an Interim Order permitting the Debtors to use Cash Collateral consistent with the Budget; (iii) after a final hearing on this Motion, enter a Final Order permitting the Debtors to use Cash Collateral on a final basis as provided herein; (iv) grant the Listed Creditors replacement liens in postpetition accounts receivable and proceeds thereof as provided herein; and (v) grant all such other and further relief as is just and proper.

Dated: July 14, 2020

Respectfully submitted,

/s/ *Lynda L. Lankford*
Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
Dylan T.F. Ross
State Bar No. 24104435
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Fort Worth, TX  76102
Telephone: 817-877-8855
Facsimile:   817-877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com
dross@forsheyprostok.com

PROPOSED ATTORNEYS FOR THE
DEBTORS AND DEBTORS-IN-POSSESSION

## CERTIFICATE OF SERVICE

       I hereby certify that a true and correct copy of the foregoing document was served via ECF electronic notice on the parties requesting notice in these cases, via email to the U.S. Trustee and Jeffrey Zachter, via overnight delivery to the other parties listed below, and via United States Mail, first class postage prepaid on the parties on the attached Service List on July 14, 2020.

| | |
|---|---|
| United States Trustee<br>Attn: Erin Schmidt, Trial Attorney<br>Attn: Elizabeth Young, Trial Attorney<br>1100 Commerce Street, Room 976<br>Dallas, TX 75242<br>erin.schmidt2@usdoj.gov<br>elizabeth.a.young@usdoj.gov | Corporation Service Company<br>As Representative<br>PO Box 2576<br>Springfield, IL 62708 |
| CT Corporation System<br>As Representative, Attn: SPRS<br>330 N. Brand Blvd., Suite 700<br>Glendale, CA 91203 | Beckman Coulter, Inc.<br>250 South Kraemer Blvd.<br>PO Box 8000<br>Brea, CA 92822 |
| Grand Capital Funding<br>41 Hackensack Ave., Suite 603<br>Hackensack, NJ 07601 | Greenwich Capital Management, LP<br>108 Greenwich St.<br>New York, NY 10006 |
| Acme Company<br>64 Beaver St., Suite 344<br>New York, NY 10004 | CFG Merchant Solutions LLC<br>201 Route 17 North, Suite 805<br>Rutherford, NJ 07070 |
| Bracha Capital LLC<br>483 Kings Highway<br>Brooklyn, NY 11223 | Mantis Funding LLC<br>c/o Jeffrey Zachter, Esq.<br>Zachter PLLC<br>30 Wall St., 8th Floor<br>New York, NY 10005<br>jzachter@zachterlaw.com |
| Fox Capital Group Inc.<br>c/o Jeffrey Zachter, Esq.<br>Zachter PLLC<br>30 Wall St., 8th Floor<br>New York, NY 10005<br>jzachter@zachterlaw.com | |

                                                     /s/ *Lynda L. Lankford*
                                                     Lynda L. Lankford

L:\JPROSTOK\Greenleaves (SubChapter V) #\Pleadings\Motion to use Cash Collateral 7.13.20.docx

# Exhibit A

**Greenleaves LLC**
**CASH FLOW PROJECTION**

| | WEEK 1 Jul 13 - Jul 19 | | WEEK 2 Jul 21- Jul 26 | | WEEK 3 Jul 27-Aug 2 | | WEEK 4 Aug 3-Aug 9 | | Weeks 1 - 4 | |
|---|---|---|---|---|---|---|---|---|---|---|
| | BUDGET | ACTUAL | BUDGET | ACTUAL | BUDGET | ACTUAL | BUDGET | ACTUAL | BUDGET | ACTUAL |
| **FUNDS IN** | | | | | | | | | | |
| *Revenue* | | | | | | | | | - | |
| A/R COLLECTIONS PART B | 36,250 | | 36,250 | | 36,250 | | 36,250 | | 145,000 | |
| A/R COLLECTIONS PART A | 37,000 | | 37,000 | | 37,000 | | 37,000 | | 148,000 | |
| **Total FUNDS IN** | 73,250 | | 73,250 | | 73,250 | | 73,250 | | 293,000 | |
| | | | | | | | | | | |
| **SUMMARY OF WEEKLY CASH OUTFLOW** | | | | | | | | | | |
| Contract Labor | 5,230 | | 5,230 | | 15,230 | | 5,230 | | 30,920 | |
| Employee Accident Policy WC | 400 | | - | | | | - | | 400 | |
| Employer Payroll Taxes | | | 8,911 | | | | 8,911 | | 17,822 | |
| Equipment Rental | | | | | 2,868 | | | | 2,868 | |
| Freight | 7,601 | | | | | | | | 7,601 | |
| Medical Supplies | 15,000 | | 15,000 | | 15,000 | | 15,000 | | 60,000 | |
| Medical Waste Removal | | | 925 | | | | 238 | | 1,163 | |
| Payroll Gross | | | 89,109 | | | | 89,109 | | 178,218 | |
| Subtotal Direct Costs | 28,231 | | 119,175 | | 33,098 | | 118,488 | | 298,991 | |
| | | | | | | | | | | |
| Advertising | 875 | | 875 | | 875 | | 875 | | 3,500 | |
| Billing | | | | | 1,000 | | 3,000 | | 4,000 | |
| Insurance | 540 | | - | | - | | - | | 540 | |
| Internet and Web Related | 1,789 | | | | | | | | 1,789 | |
| Office Supplies & Rentals | 948 | | 948 | | 948 | | 948 | | 3,792 | |
| Accounting and Bookkeeping | | | 7,000 | | | | | | 7,000 | |
| Rent | | | | | | | 11,109 | | 11,109 | |
| Shipping ( fedex, postage) | 937 | | 937 | | 937 | | 937 | | 3,748 | |
| Software Expense | 898 | | | | | | 2,057 | | 2,954 | |
| Telephone | 830 | | | | | | | | 830 | |
| Utilities | | | | | | | 737 | | 737 | |
| Subtotal Indirect Costs | 6,817 | | 9,760 | | 3,760 | | 19,664 | | 40,000 | |
| | | | | | | | | | | |
| Total Disbursements | 35,048 | | 128,935 | | 36,858 | | 138,151 | | 338,992 | |
| | | | | | | | | | | |
| Net Weekly Surplus / (Deficit) | 38,202 | | (55,685) | | 36,392 | | (64,901) | | (45,992) | |
| | | | | | | | | | | |
| Beginning Balance of Cash | 4,000 | | 42,202 | | (13,482) | | 22,910 | | (41,992) | |
| | | | | | | | | | | |
| Proj. Cash Balance | 42,202 | | (13,482) | | 22,910 | | (41,992) | | (41,992) | |

\* The Debtors anticipate that Greenleaves members will contribute additional funds as capital contributions as and when needed to cover actual operating deficits.

# Service List

**Choice Clinical Labs, L.L.C.**
**Greenleaves Diagnostic Laboratories LLC**
**Service List**
**Client # 6128**

Choice Clinical Lab, L.L.C.
Greenleaves Diagnostic Laboratories LLC
1350 Avenue of the Americas, Suite 2302
New York, NY 10019

United States Trustee
Elizabeth Young
1100 Commerce St., Room 976
Dallas, TX 75242

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

ABB WS, LLC
c/o Brandi J. Croffie
Hoover Slovacek LLP
5051 Westheimer, Suite 1200
Houston, TX 77056

Acme Company
64 Beaver St., Suite 344
New York, NY 10004

Beckman Coulter, Inc.
250 South Kraemer Blvd.
PO Box 8000
Brea, CA 92822

Bracha Capital LLC
483 Kings Highway
Brooklyn, NY 11223

CFG Merchant Solutions LLC
201 Route 17 North, Suite 805
Rutherford, NJ 07070

Corporation Service Company
As Representative
PO Box 2576
Springfield, IL 62708

CT Corporation System
As Representative, Attn: SPRS
330 N. Brand Blvd., Suite 700
Glendale, CA 91203

Everest Business Funding
8200 NW 52nd Ter., 2nd Floor
Doral, FL 33166

Fischer Scientific
c/o Commercial Collectors
PO Box 337
Montrose, MN 55363

Fox Capital Group Inc.
c/o Jeffrey Zachter, Esq.
30 Wall St., 8th Floor
New York, NY 10005

Grand Capital Funding
41 Hackensack Ave., Suite 603
Hackensack, NJ 07601

Greenwich Capital Management, LP
108 Greenwich St.
New York, NY 10006

Henry Schein
135 Duryea Rd.
Melville, NY 11747

Laboratory Corporation of America
PO Box 12140
Burlington, NC 27216

Mantis Funding LLC
c/o Jeffrey Zachter, Esq.
30 Wall St., 8th Floor
New York, NY 10005

NFS Leasing, Inc.
900 Cummings Center, Suite 226-U
Beverly, MA 01915

Ortho-Clinical Diagnostics, Inc.
1001 US Highway 202
Raritan, NJ 08869

People's United Bank
One Post Office Square, Suite 3710
Boston, MA 02109

Quest Diagnostix
c/o Neil J. Orleans, Esq.
Ross & Smith PC
700 N. Pearl St., Suite 1610
Dallas, TX 75201

Recovery Centers of America
2701 Renaissance Blvd., 4th Floor
King of Prussia, PA 19406

Spirit of Texas Bank, SSB
625 University Drive East
PO Box FB
College Station, TX 77841

St. David's Healthcare Partnership LP
c/o Shannon, Martin
1001 McKinney St., Ste 1100
Houston, TX 77002

Behrooz P. Vida, Subchapter V Trustee
The Vida Law Firm, PLLC
3000 Central Dr.
Bedford, TX 76021

The County of Denton
c/o Tara LeDay
McCreary Veselka, et al.
PO Box 1269
Round Rock, TX 78680

Lewisville ISD/City of Carrollton
c/o Laurie A. Spindler
Linebarger Goggan, et al.
2777 N. Stemmons Fwy, Suite 1000
Dallas, TX 75207