# Debtors' Ex. 5

Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
Dylan T.F. Ross
State Bar No. 24104435
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Fort Worth, TX 76102
Telephone: 817-877-8855
Facsimile: 817-877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com
dross@forsheyprostok.com

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| CHOICE CLINICAL LAB, L.L.C., | ) | Case No. 20-42307-elm11 |
| | ) | |
| GREENLEAVES DIAGNOSTIC | ) | |
| LABORATORIES LLC, | ) | Case No. 20-42308-elm11 |
| | ) | |
| | ) | |
| Debtors. | ) | |

**NOTICE OF FILING OF PROPOSED ORDERS**

**PLEASE TAKE NOTICE** that the proposed orders for the following motions are attached

hereto as **Exhibit A**.

1. Debtors' Motion for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Adequate Protection ("Cash Collateral Motion")

2. Debtors' Emergency Motion for Entry of an Order Authorizing the Debtors to Pay Prepetition Employee Compensation and Other Employee Benefit Expenses ("Wage Motion")

3. Motion of Choice Clinical Lab, L.L.C. and Greenleaves Diagnostic Laboratories LLC Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and N.D. Tex. L.B.R. 1015-1 for an Order Directing Joint Administration ("Joint Administration Motion")

4. Debtors' Emergency Motion for an Order Authorizing the Debtors to Maintain Existing Cash Management System and Medicare Bank Account ("Motion to Maintain Bank Account")

1

Dated: July 15, 2020.

Respectfully submitted,

/s/ Lynda L. Lankford
Jeff P. Prostok
State Bar No. 16352500
Lynda L. Lankford
State Bar No. 11935020
Dylan T.F. Ross
State Bar No. 24104435
FORSHEY & PROSTOK LLP
777 Main St., Suite 1550
Fort Worth, TX  76102
Telephone: 817-877-8855
Facsimile:  817-877-4151
jprostok@forsheyprostok.com
llankford@forsheyprostok.com
dross@forsheyprostok.com

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via ECF electronic notice on July 15, 2020.

/s/ *Lynda L. Lankford*
Lynda L. Lankford

# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| CHOICE CLINICAL LABS, L.L.C., | ) | Case No. 20-42307-elm11 |
| | ) | |
| GREENLEAVES DIAGNOSTIC | ) | Case No. 20-42308-elm11 |
| LABORATORIES LLC, | ) | (Motion for Joint Administration Pending) |
| | ) | |
| Debtors. | ) | |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF INTERIM
AND FINAL ORDERS AUTHORIZING THE USE OF CASH COLLATERAL
AND GRANTING ADEQUATE PROTECTION**

On this day the Court considered the *Debtors' Motion for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Granting Adequate Protection* [Docket Nos. 16 and 13] (the "Motion")[1] filed by Choice Clinical Lab, L.L.C. ("Choice") and Greenleaves Diagnostic Laboratories LLC ("Greenleaves", and together with Choice, the "Debtors"). Having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that relief is necessary to avoid immediate and

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Motion.

irreparable harm; and based upon the record, the representations of counsel, and the evidence presented during the hearing on Motion, the Court hereby finds:

On July 10, 2020 (the "Petition Dates"), the Debtors filed voluntary petitions under Subchapter V of Chapter 11 of the United States Bankruptcy Code (the "Code") in this Court. The Debtors continue to manage and operate their business as debtors-in-possession pursuant to sections 1184 of the Code. Behrooz Vida (the "Trustee") has been appointed as the Subchapter V Trustee in these cases.

This Court has jurisdiction over this case and the Motion pursuant to 28 U.S.C. §§ 157(b) and 1334. Consideration of the Motion constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).

The Debtors assert that they will suffer irreparable and immediate harm if they are not granted the relief herein. The Debtors further assert that an immediate and critical need exists for the Debtors to use funds in order to continue the operation of their business and that, without such funds, the Debtors will not be able to pay their payroll and other direct operating expenses and obtain goods and services needed to carry on their business during this sensitive period in a manner that will avoid irreparable harm to the Debtors' estates. The Debtors assert that, at this time, the Debtors' ability to use Cash Collateral is vital to the confidence of the Debtors' vendors and suppliers of the goods and services, and to the preservation and maintenance of the going concern value of the Debtors' estates.

Good cause has been shown for the entry of this Order. The Court finds that the notice to the U.S. Trustee, the Trustee, the Listed Creditors, and the twenty largest unsecured creditors was sufficient under the circumstances. Entry of this Order is justified and appropriate under the circumstances. Entry of this Order is in the best interest of the Debtors' estates.

IT IS THEREFORE ORDERED AND ADJUDGED as follows:

1. **Use of Cash Collateral**. Subject to the terms of this Order, the Debtors are hereby authorized to use Cash Collateral during the period (the "Budget Period") beginning July 10, 2020 and ending on August 9, 2020, or as provided in any subsequent Interim or Final Order on this

Motion.  The Debtors are authorized to use Cash Collateral only in the amounts and for the expenses and disbursements set forth in the Budget attached hereto as **<u>Exhibit A</u>**, subject to the Budget Variance (defined below).  The Debtors shall not incur expenses nor use Cash Collateral in an amount that exceeds by more than ten percent (10%) the total expenses provided in the Budget for the Budget Period (the "<u>Budget Variance</u>").  For the avoidance of doubt, to the extent the Court authorizes the Debtors to honor prepetition obligations, such as payroll, such amounts will not be counted towards the maximum allowance for expenses in the Budget.

2.      **<u>Replacement Liens</u>**.  Except as otherwise provided herein, as adequate protection to the Listed Creditors for the Debtors' use of Cash Collateral as permitted herein, to the extent that the Debtors' use of Cash Collateral results in a diminution in value of the Listed Creditors' interest in Prepetition Collateral as of the Petition Date, the Listed Creditors are granted a replacement lien ("<u>Replacement Lien</u>") in post-petition accounts receivable and proceeds thereof in the same order of priority as liens currently exist in the Prepetition Collateral (the "<u>Replacement Collateral</u>").

3.      **<u>No Lien Upon Avoidance Actions</u>**.  Notwithstanding anything herein to the contrary, the Replacement Lien does not extend to the Debtors' transfer or lien avoidance rights and claims under Sections 544, 545, 547, 548, 549 or 550 of the Bankruptcy Code.

4.      **<u>Carve-Out</u>.**  Notwithstanding anything herein to the contrary, the Replacement Lien is subject and subordinate to a carve-out of funds (the "<u>Carve Out</u>") for the following administrative expenses: (a) all fees required to be paid to the Clerk of the Bankruptcy Court and to the Office of the United States Trustee pursuant to Section 1930(a) of Title 28, United States Code; and (b) all fees and expenses of Debtors' professionals and the Trustee to the extent included in the Budget and allowed by Order of the Bankruptcy Court.

5.      **<u>Perfection of Liens</u>**.  The Replacement Liens are, and shall be, valid, perfected, enforceable and effective as of the Petition Date without the need for any further action by the Debtors or the Listed Creditors, or the necessity of execution or filing of any instruments or agreements.

6.    **Survival**.  The terms and provisions of this Order inure to the benefit of, and are binding upon, the Debtors, the Listed Creditors, and creditors of the Debtors, and their respective successors and assigns, including, without limitation, any trustee or legal representative of the Debtors appointed in this case or in any superseding case under Chapter 7 of the Code.  This Order is immediately valid and fully effective upon entry by this Court.

7.    **No Waiver.**  Nothing in this Order shall prejudice or waive the right of the Debtors or any other party to contest the amount, validity, or avoidability of any the Listed Creditors' claims and security interests.

8.    **Notice of Final Hearing on Use of Cash Collateral**.  A final hearing shall be set on the Motion.  The Debtors shall serve a notice of the hearing on (a) the Office of the U.S. Trustee; (b) the Trustee; (c) the Listed Creditors by service upon the address provided in the filed UCC-1 for each Listed Creditor, or upon counsel if known; (d) the twenty largest unsecured creditors, and (e) all parties requesting notice in this case.

9.    The Debtors have established that the relief granted herein is necessary to avoid immediate and irreparable harm as required by Bankruptcy Rules 4001(b)(2) and 6003.

10.    This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

### ### END OF ORDER ###

L:\JPROSTOK\Greenleaves (SubChapter V) #\Pleadings\Interim Cash Collateral Order 7.15.20.docx

# Exhibit A

**Greenleaves LLC**
**CASH FLOW PROJECTION**

| | WEEK 1 | | WEEK 2 | | WEEK 3 | | WEEK 4 | | Weeks 1 - 4 | |
| | Jul 13 - Jul 19 | | Jul 21- Jul 26 | | Jul 27-Aug 2 | | Aug 3-Aug 9 | | | |
| | BUDGET | ACTUAL | BUDGET | ACTUAL | BUDGET | ACTUAL | BUDGET | ACTUAL | BUDGET | ACTUAL |
|---|---|---|---|---|---|---|---|---|---|---|
| **FUNDS IN** | | | | | | | | | - | |
| **Revenue** | | | | | | | | | | |
| A/R COLLECTIONS PART B | 36,250 | | 36,250 | | 36,250 | | 36,250 | | 145,000 | |
| A/R COLLECTIONS PART A | 37,000 | | 37,000 | | 37,000 | | 37,000 | | 148,000 | |
| **Total FUNDS IN** | 73,250 | | 73,250 | | 73,250 | | 73,250 | | 293,000 | |
| | | | | | | | | | | |
| **SUMMARY OF WEEKLY CASH OUTFLOW** | | | | | | | | | | |
| Contract Labor | 5,230 | | 5,230 | | 15,230 | | 5,230 | | 30,920 | |
| Employee Accident Policy WC | 400 | | - | | | | - | | 400 | |
| Employer Payroll Taxes | | | 8,911 | | 2,868 | | 8,911 | | 17,822 | |
| Equipment Rental | | | | | | | | | 2,868 | |
| Freight | 7,601 | | | | | | | | 7,601 | |
| Medical Supplies | 15,000 | | 15,000 | | 15,000 | | 15,000 | | 60,000 | |
| Medical Waste Removal | | | 925 | | | | 238 | | 1,163 | |
| Payroll Gross | | | 89,109 | | | | 89,109 | | 178,218 | |
| Subtotal Direct Costs | 28,231 | | 119,175 | | 33,098 | | 118,488 | | 298,991 | |
| | | | | | | | | | | |
| Advertising | 875 | | 875 | | 875 | | 875 | | 3,500 | |
| Billing | | | 1,000 | | 3,000 | | | | 4,000 | |
| Insurance | 540 | | - | | - | | - | | 540 | |
| Internet and Web Related | 1,789 | | | | | | | | 1,789 | |
| Office Supplies & Rentals | 948 | | 948 | | 948 | | 948 | | 3,792 | |
| Accounting and Bookkeeping | | | 7,000 | | | | 11,109 | | 7,000 | |
| Rent | | | | | | | | | 11,109 | |
| Shipping ( fedex, postage) | 937 | | 937 | | 937 | | 937 | | 3,748 | |
| Software Expense | 898 | | | | | | 2,057 | | 2,954 | |
| Telephone | 830 | | | | | | | | 830 | |
| Utilities | | | | | | | 737 | | 737 | |
| Subtotal Indirect Costs | 6,817 | | 9,760 | | 3,760 | | 19,664 | | 40,000 | |
| | | | | | | | | | | |
| Total Disbursements | 35,048 | | 128,935 | | 36,858 | | 138,151 | | 338,992 | |
| | | | | | | | | | | |
| Net Weekly Surplus / (Deficit) | 38,202 | | (55,685) | | 36,392 | | (64,901) | | (45,992) | |
| | | | | | | | | | | |
| Beginning Balance of Cash | 4,000 | | 42,202 | | (13,482) | | 22,910 | | (41,992) | |
| | | | | | | | | | | |
| Proj. Cash Balance | 42,202 | | (13,482) | | 22,910 | | (41,992) | | (41,992) | |

* The Debtors anticipate that Greenleaves members will contribute additional funds as capital contributions as and when needed to cover actual operating deficits.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| CHOICE CLINICAL LABS, L.L.C., | ) | Case No. 20-42307-elm11 |
| | ) | |
| GREENLEAVES DIAGNOSTIC | ) | Case No. 20-42308-elm11 |
| LABORATORIES LLC, | ) | (Motion for Joint Administration Pending) |
| | ) | |
| Debtors. | ) | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER**
**AUTHORIZING THE DEBTORS TO PAY PREPETITION EMPLOYEE COMPENSATION AND**
**OTHER EMPLOYEE BENEFIT EXPENSES**

On this day the Court considered the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Pay Prepetition Employee Compensation and Other Employee Benefit Expenses* [Docket Nos. 14 and 11] (the "Motion"). Having reviewed the Motion and having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that relief is necessary to avoid immediate and irreparable harm; and based on the evidence presented and the arguments of counsel at a hearing on the Motion; the Court hereby finds that the Motion should be granted.

Accordingly, it is hereby **ORDERED** that:

1.      The Motion is **GRANTED**, and the Debtors are authorized, but not directed, to pay the Prepetition Workforce Obligations as they come due and to the appropriate payee.

2.      Prepetition Workforce Obligations include: (a) prepetition wages, salaries, and commissions in the total amount of approximately $89,000, including any amounts owed for recently used holiday, vacation, or sick leave pay; (b) approximately $8,000 in payroll taxes and approximately $600 in garnishments withheld from wages to the appropriate taxing authority or other party; (c) post-petition paid time off accrued pre-petition; and (d) de minimis prepetition expense reimbursements.

3.      No single employee shall receive more than $13,650 for Prepetition Workforce Obligations.

4.      The authorizations given to the Debtors in this Order empower but do not direct the Debtors to effectuate the payments herein, the Debtors retaining the business judgment to make or not make said payments, and in all instances subject to the condition that funds are available to make any payment.

5.      The Debtors are authorized to use cash collateral, if any, to the extent necessary to make the payments authorized by this Order.

6.      Nothing herein shall be deemed an assumption or adoption by the Debtors of any agreements or policies providing for employee obligations to the Debtors' employees.

7.      JP Morgan Chase Bank and any of the Debtors' other banks are authorized and directed to honor and pay all checks, drafts, wires, or automated clearing house transfers for the payments authorized herein without regard to when the applicable checks, drafts, wires or transfers were issued, provided sufficient funds are available to honor such payments.  The Debtors' banks shall be entitled to rely on the Debtors' express instructions regarding which of the amounts referenced in this Order have been authorized to be paid, and no liability shall be imposed on the banks as a consequence of such reliance.

8.      The Debtors are authorized to pay additional prepetition employment-related obligations up to an aggregate amount of $5,000, upon five (5) business days' prior written notice to counsel to any statutory creditors' committee, the Subchapter V Trustee and the United States Trustee setting forth the nature and amount of the additional obligation sought to be paid.  If an objection is filed within such five-day period, and such objection is not resolved consensually, the Debtors may not make the proposed payment without further Order of this Court.

9.      The Debtors have established that the relief granted herein is necessary to avoid immediate and irreparable harm as required by Bankruptcy Rule 6003.

10.      The fourteen (14) day stay imposed by Bankruptcy Rule 6004(h) is hereby waived.

11.      This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

### ### End of Order ###

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| CHOICE CLINICAL LAB, L.L.C., | ) | Case No. 20-42307-elm11 |
| | ) | |
| GREENLEAVES DIAGNOSTIC | ) | |
| LABORATORIES LLC, | ) | Case No. 20-42308-elm11 |
| | ) | |
| | ) | |
| Debtors. | ) | |

**ORDER REGARDING FILING OF PLEADINGS AND
<u>DIRECTING JOINT ADMINISTRATION OF CASES</u>**

Came on for consideration the *Motion of Choice Clinical Lab, L.L.C. and Greenleaves Diagnostic Laboratories LLC Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and N.D. Tex. L.B.R. 1015-1 for an Order Directing Joint Administration* (the "<u>Motion</u>") filed by Choice Clinical Lab, L.L.C. ("<u>Choice</u>") and Greenleaves Diagnostic Laboratories LLC ("<u>Greenleaves</u>," and together with Choice, the "<u>Debtors</u>"). The Court, having considered the matter of administering the above-captioned cases, makes these findings of facts and conclusions of law. This Court has jurisdiction over the subject matter pursuant to 28

1

U.S.C. §§ 1334 and 157, and 11 U.S.C. § 105. All parties-in-interest were provided adequate notice and opportunity for hearing. Joint administration of the Debtors' cases is appropriate pursuant to Rule 1015(b) and (c) of the Federal Rules of Bankruptcy Procedure. An order of joint administration would serve judicial economy. Joint administration is in the best interests of and without prejudice to the rights of the Debtors' estates, creditors, and other parties-in-interest. It is hereby:

**ORDERED** that the Motion is hereby **GRANTED**; and it is further

**ORDERED** that the above-captioned cases be and hereby are, jointly administered by this Court for procedural purposes only and nothing contained herein shall constitute a substantive consolidation of the Debtors' estates; and it is further

**ORDERED** that all orders, pleadings, papers and documents, except proofs of claim, shall be filed and docketed in case number 20-42307-elm11 (the "Lead Case"); and it is further

**ORDERED** that the Debtors shall file separate bankruptcy schedules, statements of financial affairs, and monthly operating reports, which documents shall be filed and docketed in the Lead Case; and it is further

**ORDERED** that all proofs of claim shall be filed and docketed under the case number representing the estate in which the claim is made, and a creditor of both estates shall file and docket a proof of claim in both cases, with each proof of claim filed only in the amount which the creditor may claim against that estate; and it is further

**ORDERED** that all pleadings, papers, and documents, except proofs of claim, filed in the jointly administered cases shall bear the caption of the jointly administered cases as shown in **Exhibit A** attached hereto; and it is further

**ORDERED** that if pleadings, papers, and documents have been filed in the case that is not the Lead Case prior to the entry of this Order, and those matters have not yet been heard and decided, the party who filed the pleading, paper, or document shall (a) re-file that pleading,

2

paper, or document in the Lead Case within three (3) business days of the entry of this Order, (b) set any hearing on the pleading, paper, or document before the Judge assigned to the Lead Case, and (c) notice the hearing to all appropriate parties; and it is further

**ORDERED** that counsel for the Debtors shall serve a copy of this Order on the United States Trustee, all known creditors, persons filing Notices of Appearance, and other known parties-in-interest, and shall file a certificate of service with the Clerk of the Court; and it is further

**ORDERED** that counsel for the Debtors shall file with the Clerk of the Court in the Lead Case a master service list of all known creditors, persons filing Notices of Appearance, and all known parties-in-interest in the jointly administered cases in the form prescribed by N.D. Tex. L.B.R. 1007-1.

### ###End of Order###

L:\JPROSTOK\Greenleaves (SubChapter V) #\Pleadings\Order Granting Motion for Joint Administration 7.14.20.docx

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| CHOICE CLINICAL LAB, L.L.C., | ) | Case No. 20-42307-elm11 |
| | ) | |
| GREENLEAVES DIAGNOSTIC | ) | |
| LABORATORIES LLC, | ) | Case No. 20-42308-elm11 |
| | ) | |
| | ) | |
| Debtors. | ) | **Jointly Administered Under** |
| | ) | **Case No. 20-42307-elm11** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 Cases |
| | ) | |
| CHOICE CLINICAL LAB, L.L.C., | ) | Case No. 20-42307-elm11 |
| | ) | |
| GREENLEAVES DIAGNOSTIC | ) | |
| LABORATORIES LLC, | ) | Case No. 20-42308-elm11 |
| | ) | (Motion for Joint Administration Pending) |
| | ) | |
| Debtors. | ) | |

**ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR AN ORDER AUTHORIZING
THE DEBTORS TO MAINTAIN EXISTING CASH MANAGEMENT
SYSTEM AND MEDICARE BANK ACCOUNT**

Came on for consideration the *Debtors' Emergency Motion for Entry of an Order*

*Authorizing the Debtors to Maintain Existing Cash Management System and Medicare Bank*

*Account* [Docket Nos. 15 & 12] (the "Motion")[1] filed by Choice Clinical Labs, L.L.C. ("Choice")

and Greenleaves Diagnostic Laboratories LLC, respectively ("Greenleaves, and together with

Choice, the "Debtors"); and it appearing that the Court has jurisdiction over this matter; and the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

Court having conducted an emergency hearing on the Motion on July 16, 2020 (the "Hearing");
and it appearing that due notice of the Motion and Hearing was given and is sufficient under the
circumstances, and that no other or further notice need be provided; and it further appearing
that the relief requested in the Motion is in the best interests of the Debtors and their estates
and creditors; and upon all the proceedings had before the Court; and after due deliberation and
sufficient cause appearing therefor, the Court finds and concludes that the Motion should be
granted.

**ACCORDINGLY, it is hereby ORDERED** that:

1.      The Motion is **GRANTED** as set forth herein.

2.      The Debtors are authorized to maintain their existing Medicare Account at JP
Morgan Chase ("Chase").

3.      The Debtors are authorized to maintain their existing Cash Management System
as is outlined in the Motion.

4.      Unless otherwise agreed by the United States Trustee or as otherwise ordered
by the Court, the Debtors shall promptly convert their existing operating account to a debtor-in-
possession account ("DIP Account") or open a new DIP Account to serve as the Debtors'
operating account.  During the transition period before the DIP Account is converted or
established, the Debtors may continue to use the existing operating account for the receipt of
funds, including the receipt of swept funds from the Medicare Account, and for expenses and
disbursements as described in the Motion.  If a new DIP Account is established, the Debtors
shall close their existing Operating Account as soon as reasonably practicable.

5.      Chase is authorized without the need for further order of this Court to continue to
maintain, service, and administer the Medicare Account as an account of the Debtors, as
debtors-in-possession, without interruption and in the ordinary course.

6.      The Debtors are authorized to use, in their present form, all correspondence and business forms (including, without limitation, letterhead and invoices) without reference to the Debtors' statuses as a debtors-in-possession solely in regard to the Medicare Account.

7.      This Order shall be immediately effective and enforceable upon its entry.

8.      This Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

### End of Order ###

L:\JPROSTOK\Greenleaves (SubChapter V) #\Pleadings\Order Granting Motion to Maintain Bank Acct. 7.15.20.docx